UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ESPINOZA,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>S. SHERMAN, Warden,<br><br>　　　　　Respondent. | Case No.: 1:15-cv-01594-AWI-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS (Doc. 12)<br><br>ORDER DIRECTING OBJECTIONS TO BE FILED WITHIN TWENTY-ONE DAYS |

　　　　In this action, Petitioner challenges the result of a prison discipline hearing after which prison officials assessed him a loss of 30 days credit.  Because this claim fails to demonstrate that a favorable decision here would necessarily shorten the length of his prison term, the Court recommends the petition be **DISMISSED**.

**I.　　PROCEDURAL HISTORY**

　　　　The petition challenges the results of a disciplinary hearing that found Petitioner had engaged in behavior that could lead to violence and resulted in a loss of thirty days' conduct credits. In response, Respondent filed a motion to dismiss the petition for lack of habeas corpus jurisdiction. (Doc. 11).

**II.　　DISCUSSION**

　　　　A.　Procedural Grounds for Motion to Dismiss

　　　　As mentioned, Respondent has filed a motion to dismiss the petition for lack of habeas

1

jurisdiction. Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed Respondent's to file a motion to dismiss in lieu of an Answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default).

A. Failure To State A Cognizable Habeas Claim.

Respondent contends that the basis for the petition's claims, i.e., a due process violation at a prison disciplinary hearing resulting in loss of good-time credits, is not properly subject to federal habeas corpus jurisdiction because, as a prisoner serving an indeterminate sentence, Petitioner cannot establish that the adverse disciplinary finding would "necessarily" impact the duration of his sentence. (Doc. 11). Respondent urges that this is especially true because the thirty days' loss of credits resulting from the 2013 disciplinary hearing were subsequently restored to Petitioner. Petitioner, on the other hand, contends that "anything" that could affect a grant of parole implicates his Due Process rights and that, although the credits were restored, the mere existence of the disciplinary conviction serves to jeopardize his chances for parole.

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485, 93 S. Ct. 1827 (1973); Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003)("[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence."); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.  Indeed, claims challenging the validity of a prisoner's continued

incarceration, including the fact or length of the custody, lie within the "heart of habeas corpus" and are cognizable only in federal habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 498-99, 499 n.14 (1973).  In contrast, an action pursuant to 42 U.S.C. § 1983 is appropriate for a state prisoner challenging the conditions of prison life but not the fact or length of the custody. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991).

A constitutional claim concerning the application of rules administered by a prison administrator that challenges the duration of a sentence is a cognizable claim pursuant to 28 U.S.C. § 2254. See, e.g., Superintendent v. Hill, 472 U.S. 445, 454 (1985) (determining a procedural due process claim concerning loss of time credits resulting from disciplinary procedures and findings).  In cases where the inmate has suffered a loss of credits, a petitioner much raise such a challenge in a federal habeas corpus action because it attacks the very fact or duration of physical imprisonment and the relief sought is a determination of entitlement of speedier release. Preiser, 411 U.S. at 500.

Nevertheless, where a successful challenge to a disciplinary hearing or administrative sanction *will not necessarily* shorten the overall length of confinement, then habeas jurisdiction is lacking. Ramirez v. Galaza, 334 F.3d 850, 852, 858 (9th Cir. 2003). However, there is an absence of habeas jurisdiction where the challenge to the hearing results will not necessarily shorten the overall sentence. Id. at 859.  In Ramirez, expungement of the disciplinary action was not shown to be likely to accelerate eligibility for parole; rather, success there would have meant only an opportunity to seek parole from a board that could deny parole on any ground already available to it.  Thus, the suit did not threaten to advance the parole date. Id.

Where one of the consideration for parole is a petitioner's prison disciplinary history, the mere possibility that an inmate may be denied parole at some point in the future due to the discipline at issue does not amount to the denial of a liberty interest. Sandin v. Connor, 515 U.S. 472, 484 (1995). A mere *possible* denial of parole due to a disciplinary conviction was insufficient to give rise to a liberty interest where "[n]othing in [the State's] code requires the parole board to deny parole in the face of a misconduct record or to grant parole in its absence, even though misconduct is by regulation a relevant consideration." Id. at 487.  "The decision to release a prisoner rests on a myriad of

3

considerations," and an inmate is generally "afforded procedural protection at this parole hearing in order to explain the circumstances behind his misconduct record." Id. The Sandin Court held that "[t]he chance that a finding of misconduct will alter the balance is simply too attenuated to invoke the procedural guarantees of the Due Process Clause." Id.

Thus, an inmate must show that a disciplinary conviction will inevitably lengthen the duration of the incarceration. Sandin v. Connor, 515 U.S. at 487. California law requires the BPH to consider a wide range of factors in assessing whether an individual inmate is suitable for parole. Cal. Code Regs. Tit. 15, § 2402(b)-(d). Indeed, the BPH may consider factors as wide-ranging as the original crime, an inmate's criminal and social history, his conduct in prison, any psychological evaluations, Petitioner's efforts at rehabilitation, his remorse and understanding of the crime and its effects of the victims, as well as any parole plans he may have. Id. In other words, any parole decision depends on "an amalgam of elements, some of which are factual but many of which are purely subjective appraisals by the Board members based on their experience with the difficult task of evaluating the advisability of parole release." Greenholtz v. Inmates of Nebraska Corr. & Penal Complex, 442 U.S. 1, 9-10 (1979).

Therefore, though the BPH must consider Petitioner's 2013 disciplinary conviction along with a myriad of factors, the claim that this disciplinary finding alone could impact the BPH's decision is too tenuous to invoke the protections of due process. Sandin, 515 U.S. at 487. Indeed, there is no showing that the disciplinary finding is so pivotal to the parole determination as to justify the conclusion that a sufficient nexus exists between it and the ultimate length of imprisonment. As such, there is an insufficient showing that reversal of the disciplinary conviction would necessarily affect the overall length of a Petitioner's confinement. Docken, 393 F.3d at 1030-31.

To the extent Petitioner contends he has forfeited good-time credits as a result of the 2013 disciplinary hearing that would directly affect the length of his sentence, Petitioner's status as an inmate serving an indeterminate sentence undercuts this contention. In Nettles v. Grounds (788 F.3d 992 (9th Cir. 2015), rehearing en banc granted __ F.3d __, 2016WL386022 (9th Cir. Jan. 20, 2016)), the Ninth Circuit Court of Appeals sought to resolve the ambiguity of when an inmate seeking return of good time credits lost in a disciplinary action must pursue a habeas corpus petition under 28 U.S.C.

§ 2254 and when he must file a § 1983 complaint. "[R]elief is available to a prisoner under the federal habeas statute only if success on the claim would 'necessarily spell speedier release' from custody, which Skinner [v. Switzer, 562 U.S. 521(2011)] suggested would include termination of custody, acceleration of the future date of release from custody, or reduction of the level of custody." Nettles, 788 F.3d at 1001 (quoting Skinner, 562 U.S. at 533-34).

Nettles, who had been sentenced to life with the possibility of parole, sought restoration of 30 days of lost good time credits and expungement of the rule violation that resulted in the lost credits. 788 F.3d at 995-96. The Ninth Circuit opinion concluded that habeas jurisdiction was not established because neither restoring the lost credits nor expunging the rule violation would necessarily result in Nettles' being released from prison more quickly. Id. at 1002-04. The Court denied habeas jurisdiction because of Nettles' indeterminate sentence: "Without knowing how many years Nettles will serve before the Board finds him suitable for parole or the length of his base term, we cannot conclude that the restoration of the lost good-time credits would necessarily affect the duration of Nettles' confinement if and when the Board finds him suitable for parole." Id. at 1004.

The Ninth Circuit also rejected the reasoning that expunging the disciplinary violation would necessarily reduce Nettles' term by removing "roadblocks to parole." Id. at 1003. The court reasoned that the effect of expunging the rule violation and restoring the lost credits was insufficient to provide habeas jurisdiction:

> While the 2008 rules violation report will likely have some effect on the Board's consideration, there is no basis for concluding that the expungement of this report from the record will "necessarily spell speedier release for Nettles." See Skinner, 131 S.Ct. at 1299 n. 13. Nor will it necessarily terminate Nettles's custody, accelerate the future date of his release, or reduce his level of custody. See id. The effect of a rules violation on parole suitability is a matter of state law and regulation, and, under California law, a rules violation is merely one factor the parole board considers to determine whether a prisoner "constitutes a current threat to public safety." Lawrence, 82 Cal.Rptr.3d 169...; it is not determinative, see Cal. Code regs. Tit. 15, § 2281(b) (directing the parole board to consider "[a]ll relevant, reliable information" in determining suitability for parole).....Even if successful, Nettles "will not necessarily shorten the length of his confinement" because "[t]he parole board will still have the authority to deny...parole on the basis of any of the grounds presently available to it in evaluating such a request." See Ramirez, 334 F.3d at 859 (first alteration in original) (internal quotation marks omitted). As Close pointed out, even when a challenge to prison disciplinary proceedings "may affect the duration of time to be served (by bearing on the award or revocation of good-time credits)," where "it is not necessarily so," a challenge to such proceedings "raises no claim on which habeas relief could have been granted." 540 U.S. at 754-55...(emphasis added). Therefore, this claim is not cognizable in habeas.

Nettles, 788 F.3d at 1003-04.

Although, following the Ninth Circuit's grant of rehearing, Nettles is no longer binding precedent on this Court, its reasoning is persuasive. It adds further support to the line of cases cited for the principle that habeas jurisdiction is not invoked by a mere possibility that a petitioner's sentence will be shortened by the reversal of a disciplinary conviction. Accordingly, the Court lacks habeas jurisdiction and therefore the petition should be **DISMISSED**.

## RECOMMENDATION

Accordingly, the Court **RECOMMENDS** that Respondent's motion to dismiss (Doc. 12), be GRANTED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. **Within 21 days** after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and **filed within 10 days** (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

    Dated:   **April 29, 2016**              **/s/ Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE