UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ESPINOZA,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>S. SHERMAN, Warden,<br><br>　　　　Respondent. | Case No.: 1:15-cv-001594-AWI-JLT<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS (Doc. 15)<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS (Doc. 11)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1)<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>ORDER DISREGARDING AS MOOT RESPONDENT'S MOTION TO STRIKE (Doc. 21) |

　　　Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.   On December 15, 2015, Respondent filed a motion to dismiss the petition.  (Doc. 11).  On May 2, 2016, the Magistrate Judge assigned to the case issued Findings and Recommendations to grant Respondent's motion to dismiss.  (Doc. 15).  This Findings and

1

Recommendations was served upon all parties and contained notice that any objections were to be filed within twenty-one days from the date of service of that order. Petitioner filed a motion for a thirty-day extension of time on May 25, 2016. (Doc. 16). On May 31, 2016, 2015, Petitioner filed objections to the Magistrate Judge's Findings and Recommendations. (Doc. 17). On June 1, 2016, Respondent filed the reply. (Doc. 18). Due to an administrative error, on June 3, 2016, the Court granted Petitioner's motion for extension of time. (Doc. 19). Petitioner then filed a document entitled "Reply" to respondent's motion to dismiss. (Doc. 20). On June 21, 2016, Respondent filed an objection to Petitioner's "Reply," contending that it was not authorized and that it was not responsive. (Doc. 21).

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes that the Magistrate Judge's Findings and Recommendations is supported by the record and proper analysis. Petitioner's objections, including Petitioner's June 16, 2016 "Reply," present no grounds for questioning the Magistrate Judge's analysis.

Moreover, the Court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

>   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>   (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denied a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (*quoting* Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court DECLINES to issue a certificate of appealability.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed May 2, 2016 (Doc. 15), is ADOPTED IN FULL;
2. Respondent's motion to dismiss (Doc. 11), is GRANTED;
3. The petition for writ of habeas corpus (Doc. 1), is DISMISSED WITH PREJUDICE;
4. The Clerk of Court is DIRECTED to ENTER JUDGMENT and close the file;

3

5. The Court DECLINES to issue a certificate of appealability; and,

6. Respondent's motion to strike (Doc. 21), is DISREGARDED as moot.

This order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:   July 7, 2016                              _____
                                                   SENIOR  DISTRICT  JUDGE

4